# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN E. PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-CV-333-JHP-SAJ |
| ) | |
| FEDERAL EXPRESS CORPORATION, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is the defendant, Federal Express Corporation's ("FedEx") motion for summary judgment, a response to said motion filed by the plaintiff, Steven E. Parker, and FedEx's reply. FedEx requests the Court to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 56.

**Background**

The record reflects Plaintiff is an African-American. He was initially hired by FedEx on October 20, 1998, but was terminated on November 24, 1998 after failing mandatory training. Plaintiff was rehired as a handler effective May 18, 1999, and on November 7, 1999, was promoted to Ramp Transport Driver at the Oklahoma City, Oklahoma Ramp. An investigation was initiated into Plaintiff's time card activities occurring on February 20, 2006. FedEx claims based on evidence obtained during this investigation, Plaintiff was terminated for deliberate time card falsification.

Plaintiff denies he falsified his time card on February 20, 2006. Plaintiff contends FedEx's own investigation revealed that its supervisors and managers did not consider FedEx

time cards to be important until after Plaintiff was terminated. Further, Plaintiff argues although FedEx's own policies allowed employees to correct and initial mistakes or errors on their time cards, he was not afforded the opportunity to correct his timecard. Despite the lack of importance of the time cards, FedEx's violation of its own policy which would have allowed Plaintiff to correct his timecard, Plaintiff contends he was terminated. More importantly, Plaintiff asserts another employee, Calvin Redburn ("Redburn") was not terminated for violating the same policy, although Redburn admitted he violated the policy on an everyday basis. Plaintiff contends Redburn merely received a warning letter for the same violation.

## DISCUSSION

In general, summary judgment is proper where the pleadings depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. *Id.* at 249.

In considering a motion for summary judgment, this court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Mickelson v. New York Life Ins. Co.*, 460 F.3d 1304, 1310 (10th Cir. 2006). Furthermore, if on any part of the prima facie case there is insufficient evidence to require submission of the case to the jury, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). In addition, one of the principal purposes of summary judgment is to

isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex* Corp. v. Catrett, *477 U.S. 317,323-24 (1986)*. The nonmovant, however, must still identify sufficient evidence requiring submission to the jury to survive summary judgment. *Piercy v. Maketa, 480 F.3d 1192, 1197 (10th Cir. 2007).*

Plaintiff asserts FedEx discriminated against him because of his race. *EEOC v. BCI Coca-Cola Bottling Co., 450 F.3d 476, 487 (10th Cir. 2006); Exum v. U.S. Olympic Committee, 389 F.3d 1130, 1134 (10th Cir. 2004); EEOC v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1193 (10th Cir. 2000).* If Plaintiff has established a prima facie case, a presumption of unlawful discrimination is created and the burden of production then shifts to the employer to show a legitimate, nondiscriminatory reason for its action. *Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981)*. The defendant is not required to persuade the Court that " 'it was actually motivated by the proffered reasons,' but satisfies its burden merely by raising 'a genuine issue of fact as to whether it discriminated against the plaintiff.' " *Salguero v. City of Clovis, 366 F.3d 1168, 1175 (10th Cir. 2004) Faulkner, 3 F.3d at 1425 (10th Cir.1993), quoting Burdine, 450 U.S. at 254.* Once the defendant employer articulates a legitimate nondiscriminatory reason for its actions, the burden then shifts back to the plaintiff who, to avoid summary judgment, must produce specific facts showing a genuine issue for trial that the employer's articulated reasons are mere pretext for discrimination and that race was a determining factor in the employer's decision. *Faulkner, 3 F.3d at 1425; Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir.1988); Spulak v. K Mart Corp., 894 F.2d 1150, 1153 (10th Cir.1990).* Mere assertions and conjecture by the plaintiff are not enough to survive summary judgment. *Branson, 853 F.2d*

*at 772*. The plaintiff cannot simply prove that the employer's proffered reasons for its actions are false, but must offer evidence that the action was actually the result of unlawful discrimination. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993). "[A] reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason." *Id.* In the instant case, Plaintiff is required to present evidence that the reasons proffered by FedEx were not the determinative reasons for the employer's action, rather the true reason was race.

In order to establish a prima facie case of disparate treatment based on race, Plaintiff must prove: 1) that he is a member of a protected class by virtue of his race; 2) he was subjected to an adverse employment action; 3) there was disparity in the treatment afforded him in the terms and conditions of his employment as compared to those of similarly situated employees who are non-members of the protected class; and 4) the defendant has no legitimate non-discriminatory reasons for the allegedly disparate treatment. *Robinette v. National Credit Services Corp.*, 182 F.Supp. 2d 1055, 1061 (D. Kan. 2001) citing *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1380 (10th Cir. 1994).

Plaintiff asserts he was treated differently from a white employee which violated the same policy, but was only reprimanded, rather than terminated as he was. Defendant, however, claims Plaintiff's time card for February 20, 2006 reflected a start time of 2 a.m. but the security camera clocked a photograph of Plaintiff arriving at work at 3:04 a.m. Defendant contends this resulted in Plaintiff receiving compensation for work not performed, and that Plaintiff was responsible for auditing and signing his time card prior to turning it in for electronic entry. Finally, the record reflects Plaintiff admitted in a written statement he did not begin work at 2:00

a.m.: "on the 20th of Feb I came to work at 1:50 ready to start work upon getting to the ramp I realized that I didn't have a time card . . . . so I decided to go and get me something to eat[.]" Plaintiff was terminated by his African-American senior manager, Teresa Williams ("Williams").

The Court finds Redburn was not similarly situated because, unlike Plaintiff, Redburn did not engage in deliberate falsification, held a different position, and was terminated by a different manager for a different work violation. *See e.g.,* Rogers v. Federal Express Corporation, *2008 WL 2787522 (C.A.10 (Okla))(July 18, 2008).* Further, Redburn had not been previously counseled and disciplined for prior time card infractions. Plaintiff, however, had received a warning letter, 5 written counselings, 2 expectation memorandums, and 2 letters of expectations regarding the handling of his time cards. Plaintiff had also received copies of the FedEx Employee Handbook on October 20, 1998 and March 14, 2002 wherein FedEx's Acceptable Conduct policy is discussed and employees are warned that falsification is not acceptable.

Additionally, there is no evidence Plaintiff's supervisor, Williams, was aware of Redburn's misconduct at the time she terminated Plaintiff. Doke v. PPG Indus., *2003 U.S. Dist. LEXIS 9955, at 12 (D.Kansas 2003)(granting summary judgment because no evidence in record that management level employees knew that another employee had violated the policy ).* Plaintiff was terminated on March 2, 2006, and 18 days later Redburn incorrectly coded his time card. Although Redburn testified he coded his time card the same everyday, the March 20, 2006, infraction was the infraction Redburn was disciplined for. In conclusion, the Court finds Plaintiff has not presented sufficient evidence from which a jury could conclude that the reason for his termination was pretextual.

Plaintiff did not respond to Defendant's Motion for Summary Judgment in regard to the hostile work environment claim. Accordingly, the Court finds Defendant has confessed this claim pursuant to Fed.R.Civ.P. 56. Additionally, the incidents complained of by Plaintiff are insufficient to support a hostile work environment claim because they did not affect a term, condition or privilege of employment. *Hollins v. Delta Airlines*, 238 F.3d 1255, 1258 (10th Cir. 2001). Plaintiff's claim that he was harassed because of his race is unsupported by the record. The only management officials who allegedly made any derogatory remarks were the Plaintiff's supervisor, a person of the same race, and another individual who allegedly made a questionable comment before 2003. Taking all of the comments as true, there is no evidence that the comments were so pervasive or severe to affect the terms, conditions or privileges of Plaintiff's employment. Therefore, Plaintiff's claim of racial harassment fails as a matter of law.

Accordingly, Defendant's Motion for Summary Judgment is granted.

**IT IS SO ORDERED** this 1st day of August, 2008.

James H. Payne
United States District Judge
Northern District of Oklahoma